IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MITCHELL NULL, JR.**                                                                                                                  **PLAINTIFF**
**#260891**

v.                                            Case No. 3:21-cv-00142-KGB

**DANIEL GETCHELL,** *et al*.                                                                                                        **DEFENDANTS**

### ORDER

Before the Court is separate City of Wynn defendants Officer Aaron Mears and Mayor Jennifer Hobbs's (hereinafter "City Defendants") motion to compel (Dkt. No. 19). Plaintiff Mitchell Null, Jr. has not responded to the City Defendants' motion to compel, and the time for doing so has passed. For good cause shown, the Court grants the City Defendants' motion to compel (*Id.*).

**I.      Background**

On June 6, 2022, the parties filed a joint report under Rule 26(f) of the Federal Rules of Civil Procedure, which stated that the parties would make mandatory disclosure by June 28, 2022 (Dkt. No. 17, ¶ 2). The Court entered its Final Scheduling Order on August 8, 2022, which set a discovery deadline of February 8, 2023, and a trial for the week of April 24, 2023 (Dkt. No. 18). On August 24, 2022, the City Defendants propounded their first set of interrogatories and requests for production of documents to Mr. Null (Dkt. No. 19-1). On September 24, 2022, the City Defendants sent a good faith letter via email to Mr. Null requesting his past-due discovery responses and initial disclosures within the next 10 days (Dkt. No. 19-2). On October 11, 2022, the City Defendants emailed Mr. Null again to follow up on their good-faith letter (Dkt. No. 19-3). Mr. Null did not respond to the City Defendants' interrogatories and requests for production and did not provide initial disclosures as agreed by the parties (Dkt. No. 19, ¶ 6).

## II.     Legal Standards

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  The Rule reflects the indispensable nature of discovery in our civil system of justice and entitles reasonable access to "all evidence bearing on the controversy between [the parties], including that [evidence] in control of adverse parties." *Basra v. Ecklund Logistics, Inc.,* Case No. 8:16-cv-83, 2016 WL 7413474, at *2–3 (D. Neb. Dec. 22, 2016).  The Rule is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (construing the same language that appeared in a prior version of Rule 26); *see also Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (stating that Rule 26 "is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence").  Despite Rule 26's liberal scope, it does not extend to irrelevant matters, situations where compliance is unduly burdensome, or "where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2*, 197 F.3d 922, 925 (8th Cir. 1999) (internal quotation and citation omitted).

Federal Rule of Civil Procedure 37 provides for various motions to compel discovery, depending on the failure of the other party.  Applicable here, are Rule 37(a)(3)(A) which provides that a party may move for an order to compel when a party fails to make initial disclosures as required by Rule 26(a) and Rule 37(a)(3)(B) which provides that a party seeking discovery may move for an order to compel answers or production against another party when the other party

does not adequately answer interrogatories under Rule 33 or produce documents under Rule 34. The purpose of Rule 37 is to provide the mechanism by which Rules 26, 33, and 34 can be made effective. However, Rule 37 is not a blanket enforcement mechanism. Those wishing to compel discovery must certify that they have made good faith attempts to confer with the person or party failing to meet their discovery obligations. Fed. R. Civ. P. 37 (a)(1).

### III.    Analysis

Mr. Null has not provided initial disclosures or responded to the City Defendants' interrogatories and request for production of documents. The City Defendants made good faith attempts to confer with Mr. Null regarding his failure to meet his discovery obligations, but he did not respond. Further, he has not responded to the City Defendants' motion to compel.

The information sought by the City Defendants is necessary and relevant for the City Defendants to prepare for trial as well as to prepare a motion for summary judgment. For good cause shown, the Court grants the City Defendants' motion to compel. Mr. Null shall provide initial disclosures and shall respond to the City Defendants' interrogatories and requests for production of documents within 10 days of the date of this Order.

### IV.    Conclusion

The Court grants the City Defendants' motion to compel (Dkt. No. 19). Mr. Null shall provide initial disclosures and shall respond to the City Defendants' interrogatories and requests for production of documents within 10 days of the date of this Order.

So ordered this 9th day of January, 2023.

Kristine G. Baker
United States District Judge